## Clark, Appellant, v. A. Garrison Foundry Company.

*Negligence—Master and servant—Dangerous machinery—Instructions.*

In an action of trespass by an employee against his employer to recover damages for personal injuries, where there is no averment in the statement of claim that the defendant was negligent in failing to give proper instructions as to the machine at which plaintiff was injured, or as to the proper and safe method of its employment, it is not error to reject evidence that machines of the character in question were dangerous, and called for instructions as to the method of their use so as to avoid accident.

Where an employee is injured by the blowing out of a stopcock

CLARK, Appellant, *v.* GARRISON FOUNDRY CO. 427

of a whitewashing machine operated by compressed air, and there is
no evidence whatever of any defect in the construction or material of
the machine, and nothing to show that it was worn or in any way out
of repair, the employee cannot recover, and if he brings an action
against his employer he is properly nonsuited. The mere happening
of such an accident raises no presumption of negligence on the part
of the employer.

Argued Oct. 29, 1907. Appeal, No. 45, Oct. T., 1907, by
plaintiff, from order of C. P. No. 1, Allegheny Co., June T.,
1904, No. 26, refusing to take off nonsuit in case of Frank
Clark v. A. Garrison Foundry Company. Before MITCHELL,
C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-
ART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before
MACFARLANE, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*Horace J. Miller*, with him *James E. Hindman*, for ap-
pellant.

*Wm. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:

The machine which was being used by the plaintiff when his
injury was received was a whitewashing machine, operated by
compressed air stored in a cylinder attached. It is not charged,
either in the original or amended statement of plaintiff's claim,
that defendant was negligent in failing to give proper and ade-
quate instructions as to the nature and character of the ma-
chine, or in regard to the proper and safe method of its employ-
ment. What these instructions were, with the length of time
occupied in giving them, is fully set out ; both statements then
proceed in this way : " Plaintiff therefore continued at said
work for the period of two weeks without further instructions
as to the condition, construction or manipulation of said ma-
chine, or warning as to any danger in connection therewith."
No other reference is made in either statement to the instruc-
tions given, and it is nowhere charged that they were insuffi-

cient, or that plaintiff's injuries resulted because of any inadequacy in the instructions. It follows that there was no error in rejecting the several offers to prove by the witness, Brown, that machines of the character of the one used were dangerous and called for instructions as to the method of their use so as to avoid accident. Aside from this, the court would have been fully warranted in refusing the offer in view of plaintiff's own admission as to the instructions he had received. The only negligence charged was that defendant had failed to provide plaintiff with a safe appliance with which to work; that the whitewashing machine given him was defective in construction in that the stopcock on it was not securely fastened down, in consequence of which fact it blew out, releasing a quantity of lime which struck the plaintiff in the eyes and caused his injury. In this connection it was proposed to ask the witness Brown whether he had ever known these machines to blow out at the stopcock. The only evidence offered in support of this averment was that the stopcock had actually blown out, but from what cause does not appear. The inference sought to be drawn was that it was from faulty construction, but as the court said, in refusing to take off the nonsuit, " There was no evidence as to any defects in the construction or material of the valve, nothing to show that it had worn out or was in any way out of repair, nothing to fix the defendant with any responsibility for this accident. The jury could not be allowed to guess whether this was a proper appliance or the origin and cause of the accident." The mere happening of this accident—and the evidence discloses nothing beyond—raises no presumption of defendant's negligence.

Judgment affirmed.