## Gerding v. Standard Pressed Steel Company, Appellant.

220     229;
38SC    98¹

*Negligence—Master and servant—Infant—Contributory negligence—Conflicting testimony—Province of court and jury.*

In an action by a boy fifteen years old against his employer to recover damages for personal injuries sustained by a fall of a part of a dangerous machine, at which he was working, the case is for the jury where the plaintiff's own testimony, although uncorroborated, and contradicted by the defendant's witnesses, tends to show that the part which fell had fallen in the same way two days before, that he then told the foreman about it, and some repairs were made in consequence, that it had fallen three times before his accident, and that he had made complaint each time to the foreman, who replied that the machine was all right, and that he should get to work.

Argued Jan. 8, 1908. Appeal, No. 266, Jan. T., 1907, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1906, No. 3,729, on verdict for plaintiff in case of Joseph Bernhardt Gerding by his next friend and father, Bernhardt C. Gerding in the right of the said Joseph Bernhardt Gerding, and Bernhardt C. Gerding in his own right v. The Standard Pressed Steel Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff, Joseph Bernhardt Gerding for $1,500, and for plaintiff, Bernhardt C. Gerding for $1,200. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George L. Crawford*, of *Crawford & Loughlin*, for appellant.—The dangers of which it is the duty of an employer to give warning to an employee, are not those which are subjects of common knowledge or apparent to ordinary observation:

230 GERDING *v.* STANDARD P. STEEL CO., Appellant.

Eisenberg v. Fraim, 215 Pa. 570 ; Betz v. Winter, 195 Pa. 346 ; Danisch v. Amer, 214 Pa. 105 ; Simmons v. Traction Co., 207 Pa. 589 ; Masterson v. Eldridge, 208 Pa. 242 ; Bornscheuer v. Traction Co., 198 Pa. 332.

Where the evidence is of such conclusive character that the court, in the exercise of a sound judicial discretion, ought to set aside a verdict returned in opposition to it, there being no reasonable doubt as to the facts or inferences of fact, binding instructions should be given : Patton v. Texas Ry. Co., 179 U. S. 658 (21 Sup. Ct. Repr. 275); Gates v. Penna. R. R. Co., 154 Pa. 566 ; Dunlop v. Patterson, 5 Cowen's Rep. 243 ; Newell v. Wright, 8 Conn. 319 ; Lynch v. Erie City, 151 Pa. 380 ; Custer v. R. R. Co., 206 Pa. 529 ; Barry v. N. Y. Biscuit Co., 59 N. E. Repr. 75 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; Zurn v. Tetlow, 134 Pa. 213 ; Ford v. Anderson, 139 Pa. 261 ; Welsh v. Butz, 202 Pa. 59 ; Baldwin v. Urner, 206 Pa. 459 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

*Howard A. Davis,* with him *H. B. McLaughlin,* for appellee.—The case was for the jury : Creachen v. Bromley Bros. Carpet Co., 209 Pa. 6 ; Ely v. Ry. Co., 158 Pa. 233 ; Iseminger v. New Haven Water, etc., Co., 206 Pa. 591 ; Schiglizzo v. Dunn, 211 Pa. 253 ; Rummel v. Dilworth, 131 Pa. 509 ; Raymer v. Standard Steel Works, 216 Pa. 101 ; Lillie v. American Car & Foundry Co., 209 Pa. 161 ; Lewis v. Seifert, 116 Pa. 628 ; Ross v. Walker, 139 Pa. 42 ; Noden v. Verlenden Bros., 211 Pa. 135 ; Patterson v. Harrisburg Trust Co., 211 Pa. 173 ; Finnerty v. Burnham, 205 Pa. 305 ; Dougherty v. Dobson, 214 Pa. 252 ; Kehler v. Schwenk, 151 Pa. 505 ;. Beil v. Bonneville Portland Cement Co., 218 Pa. 472.

OPINION BY MR. JUSTICE STEWART, March 2, 1908 :

The refusal of the court to give binding instructions for the defendant is the subject of the only assignment before us. The action was for negligence. The plaintiff, a boy of fifteen years, was an employee of the defendant company, and was engaged in working about and operating a machine for cutting dies out of metal sheets. He had been so employed for only three or four days before the accident. His employment required him to place the metal sheets upon the stationary lower

die, and by the use of a treadle bring the upper die to bear upon the sheets and thus stamp them into what is called hangers. To pull out these hangers from between the dies, he had been furnished with an iron hook such as was ordinarily used for this purpose. On this particular occasion, however, he was using his hand to pull out the hangers, when the upper die suddenly, and without his foot having touched the treadle, by which it was operated, fell and caused his injury. The reason he gave for using his hand to pull out the hangers was that the hook furnished him had broken ; that he had applied to the foreman for another, who told him that he had no other, and that he should do the work with his hands. If the danger of using the hand for the work the hook was intended for, had been so imminent and inevitable that the plaintiff must have known that injury would result to him, such fact would have been fatal to his case, since an implication of contributory negligence would at once have risen ; the fact that he was acting under the direction of a superior would not have avoided it. But such was not the case. The question of danger was present of course, but not to that degree that it required the plaintiff to assert himself against his employer ; the upper die could only fall at the direction of the workman in charge, or from outside interference, or defect of the machine. The rule, as we have stated, is that except as the work is inevitably or imminently perilous, the servant may recover if injured while working under the direction of his employer. Whether there was contributory negligence here was a question for the jury.. The real ground of complaint was, that the machine which plaintiff was assigned to operate was defective ; that the upper die, which did the stamping, was not held securely in place ; that because of some defect it was liable to fall at other times than when so directed from the treadle ; and that it was in consequence of such defect that plaintiff without his fault received his injuries. The plaintiff testified that his foot was not on the treadle when the die fell ; that he was entirely clear of it ; that it had fallen in the same way two days before ; that he had then told the foreman about it, and some repairs were made in consequence ; that it had fallen three times before his accident, and that he had made complaint each time to the foreman, who replied that the machine was all right,

and that he should get to work. Assuming this to be a true narrative of the facts, the defendant's negligence in failing to provide and maintain suitable instruments for the work of the plaintiff is beyond question. Whether it was true was a question wholly for the jury. It rested wholly upon the unsupported testimony of the plaintiff, which was challenged in many most important and material points, by the conflicting testimony of witnesses called by the defendant. Notwithstanding, the jury gave their credence to plaintiff's statements, and their finding must be conclusive of the case.

Judgment affirmed.