## Meade v. Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Master and servant—Defective brake—*
*Notice to employer—Promise of employer.*

1. An employee who continues to use a machine which he knows to be dangerous takes upon himself the risk of injury therefrom; but this rule is inapplicable if the risk does not threaten immediate danger, and the employee continues in the employment in pursuance of a promise of the employer to remedy the defect.

2. Where a motorman operates a street car for two days knowing the defective condition of the brakes of the car, but with a promise at the close of each day that the defect will be corrected, and on the third day takes out the car with the assurance that the brakes have been repaired, and for several runs is able to control the brakes, but with the use of greater force, and finally on his last run the car gets beyond his control, and he is injured, the question of the company's negligence is a question to be decided by a jury.

Argued Oct. 21, 1908. Appeal, No. 101, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third T., 1907, No. 359, on verdict for plaintiff in case of John Meade v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,800. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellant, cited: Brownfield v. Hughes, 128 Pa. 194.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited: Held v. Glass Co., 207 Pa. 534; Schiglizzo v. Dunn, 211 Pa. 253.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

The plaintiff was a motorman in the employ of defendant company. On the afternoon of February 28, having made his last run for the day, he was returning his car to the barn. In going down a steep grade the car got beyond his control, jumped from the track, and ran into a building at the side. In the accident he received the injuries for which he seeks to recover in this action. He attributes his inability to control the car to defective brakes. He had been operating this car for several days. He testifies that the first day he operated it he found that the brakes were not in proper condition, and that he reported this fact when he turned the car in, and asked that it be repaired. The next day he found the same difficulty in applying the brakes. He again reported the defect, and was assured that the brakes would be attended to. On the morning of the 28th he was assigned to the same car, and on returning it about ten o'clock in the forenoon he again reported that the brakes would not work. Reporting in the afternoon for duty he found workmen engaged on the car, and the foreman then told him that it was all right, and that he could run it safely. He found that in operating the brakes that afternoon more force than was usually applied was required to make the brakes operate; but notwithstanding, he made his trips without accident, until the mishap occurred which resulted in his injury. A verdict for the plaintiff was followed by a motion for judgment non obstante. The refusal of the motion is assigned for error.

Of the reasons in support of the motion but three call for consideration; the others have regard not to the sufficiency of the evidence to sustain the verdict, but to the effect of defend-

ant's evidence, all of which was a matter entirely for the jury. It is insisted (1) that the evidence did not show that plaintiff's injuries resulted from negligence on the part of the defendant; (2) that the plaintiff assumed the risk; and (3) that he was guilty of contributory negligence. We must assume the facts to be as testified to by the plaintiff; the jury so found. Defendant owed to the plaintiff the duty to furnish him with a car which could be operated in safety. This, according to his testimony, it did not do. The car escaped from his control because the braking appliances were out of order and defective; the jumping of the car from the track resulted; the collision in which plaintiff received his injuries was an immediate consequence. All this could be fairly derived from the plaintiff's testimony. That the jury allowed this testimony to prevail, notwithstanding the alleged inconsistencies therein, and what defendant insists was more than countervailing testimony on his part, cannot be made the subject of complaint here.

The plaintiff with full knowledge of the fact that the brakes were defective, continued to operate the car. An employee who continues to use a machine which he knows to be dangerous takes upon himself the risk of injury therefrom; but this rule is inapplicable if the risk does not threaten immediate danger, and the employee continues in the employment in pursuance of a promise of the employer to remedy the defect: Brownfield v. Hughes, 128 Pa. 194. Where the danger threatened is so obviously imminent that any reasonable person must have appreciated it, continuance in employment under such circumstances implies an assumption of risk, and the court may so adjudge it as a matter of law; but this case does not fall within this rule. Plaintiff had operated the car for two days before, knowing the condition of the brakes, but with a promise at the close of each day that the defect would be corrected. During this time, notwithstanding the defect, he was able to keep the car so far under control that no accident happened. Certainly the court could not under such a state of facts hold as matter of law that the plaintiff had assumed the risk. This was a question for the jury. So, too, was the question of contributory negligence. It would be a duty resting on the plain-

tiff upon discovering a defect in the car threatening danger, to report such circumstances at once to his employer, or return the car to the barn as the case might require. Plaintiff when he received the car at the barn in the afternoon, received assurance that the brakes had been repaired. He made several runs .thereafter during which he was able to control by the brakes, and he supposed they were all right, except that greater force had to be applied to them to make them work. After his last run he started with the car to the barn, and it was while he was on the way there that the accident occurred. Whether he exercised reasonable promptitude in advising his employer, and in his attempt to return the car, the jury alone could decide. We see no error in the court's action.

Judgment affirmed.