AUGUST PAVAN, DEFENDANT IN ERROR, v. WORTHEN &
ALDRICH COMPANY, PLAINTIFF IN ERROR.

Argued June 8, 1910—Decided January 13, 1911.

1. When a machine upon which a servant is working becomes out
   of order, and the servant complains of such defective condition to
   the representative of the master, who promises to repair it "by
   and by," and orders the servant to "go ahead," and the servant
   resumes work relying upon such promise, and, in the afternoon of
   the same day, is injured by reason of such defective condition of
   the machine, the question of the master's negligence is for the jury.
2. The servant assumes not only the ordinary risks incidental to the
   employment, but as well all risks arising and becoming known to
   him during his service. Yet the master, by promising to amend
   a defect complained of, as an inducement to the servant to con-
   tinue, forthwith takes from the servant the risk, and thereafter,
   until the time fixed for repair, assumes it, unless the danger from
   it is so great or so imminent that a person of ordinary prudence
   would not continue in the employment after the discovery of the
   condition. Where the promise is general and indefinite, the mas-
   ter's undertaking runs for a reasonable time.
3. A promise to repair will relieve the servant from the assumption
   of the obvious risks which the defects in a machine he is operating
   create, when the promise is made by the master or someone stand-
   ing in his place. Authority to so speak for the master may be
   shown either by proof of an expressed delegation of it, or the
   presence of facts from which it may be fairly inferred, or con-
   duct upon the part of the master tending to create in the mind
   of the servant a reasonable belief that such authority had in fact
   been conferred.
4. A trial judge is not required to adopt either the form, or the
   words, or the collocation of phrases in which a request to charge
   is framed; and, having stated the legal rule called for, he may, in
   his discretion, further elaborate it by applying to it any possible
   phases of the testimony.

On error to the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and MINTURN.

For the plaintiff in error, *George S. Hobart* and *Collins &
Corbin.*

For the defendant in error, *Ward & McGinnis.*

The opinion of the court was delivered by

TRENCHARD, J. August Pavan, the plaintiff below, sued to recover damages for personal injuries. He obtained a verdict, and the judgment entered thereon is here for review.

At the trial the jury was justified in finding that there had been established by evidence the matters of fact following:

The plaintiff had been employed by the defendant for about three years as an operator upon "drying machines," but of a different character from that upon which he was hurt. These machines upon which he had worked consisted in part of a bar known as a "cloth bar," and a wooden "stretcher" several feet above the cloth bar. In ordinary operation the cloth bar acted as a spool for the cloth, the cloth unwinding from it, and passing around the wooden stretcher. It was the operator's duty to see that the cloth wound off straight, with no double edges, from the cloth roller up over the wooden stretcher. A day or two before the accident the machine upon which the plaintiff was injured was changed, a new roller and a brass stretcher being placed thereon. The cloth bar remained in the same position. The new roller was placed beyond the cloth bar towards the machine, and about the same distance from the floor as the bar. The brass stretcher was placed immediately beyond the new roller and slightly above it, so that, with these new appliances, the few feet of space between the cloth bar and the old stretcher was occupied by the new roller and the brass stretcher. The cloth to be stretched then ran under the new wooden roller up between the new roller and the brass stretcher, and over the top of the brass stretcher to the old wooden stretcher. The rolls of cloth upon the cloth bar were about two feet in diameter. The plaintiff had never worked on the dryer with the new appliances until the day of the accident. In operating the machine with the new appliances the plaintiff had to rub his hands and fingers along the cloth beyond the cloth bar, and near the new roller, and to "stick papers in the

edges" to keep the double edges down, but had nothing to do with making the machine go faster or slower, nor with repairing it. If anything was wrong with the machine he had to report it to Patrick Campbell, the "boss," who had charge of the room, gave all the orders, attended to having the machines fixed, and discharged men. Before the accident the plaintiff was working in another room. On the morning of the accident Campbell started the plaintiff to work upon the machine with the new stretcher, for the first time. Campbell started the machine. Soon thereafter the plaintiff discovered that the machine was out of order, "the cloth roller was too near the wooden roller and the cloth roller was jumping and stopping once in a while." This caused the cloth near the new wooden roller to "jerk." Within two hours after starting work the plaintiff notified Campbell that the machine was out of order and that the cloth "jumped and jerked." Thereupon Campbell told the plaintiff to "Go ahead, got too much work to-day, I fix by and by." The plaintiff then continued to work upon the machine, relying upon the promise to repair. The machine continued out of order and ran badly until three-thirty in the afternoon of the same day, when the cloth "gave a kind of jump" and the plaintiff's hand, being on the cloth, was drawn under the new roller and injured.

Error is assigned upon the refusal of the trial judge to nonsuit the plaintiff and to direct a verdict for the defendant.

Both motions were grounded mainly upon the contention that—*first,* no negligence on the part of the defendant was shown, and *second,* that the risk was obvious and was assumed by the plaintiff.

We are of opinion that both motions were properly denied.

As we have pointed out the plaintiff's evidence tended to show that the machine upon which he was working became out of order; that the plaintiff complained of such defective condition of the machine to the representative of the defendant; that the latter promised to repair it "by and by," and ordered the plaintiff to "go ahead;" that the plaintiff, relying upon such promise, resumed work upon the defective ma-

chine; that in the afternoon of the same day he was injured by reason of such defective condition of the machine.

It is true that the servant assumes not only the ordinary risks incidental to the employment, but as well all risks arising and becoming known to him during his service. Yet the master, by promising to amend a defect complained of, as an inducement to the servant to continue, forthwith takes from the servant the risk, and thereafter, until the time fixed for repair, assumes it, unless the danger from it is so great or so imminent that a person of ordinary prudence would not continue in the employment after the discovery of the condition. Where the promise is general and indefinite the master's undertaking runs for a reasonable time. *Comer* v. *Meyer,* 49 *Vroom* 464; *Andrecsik* v. *New Jersey Tube Co.,* 44 *Id.* 664.

In the present case it is not contended that, as a matter of law, the master's undertaking, if made, did not run to the time of the accident, nor is it urged that the danger from the defective machine was so great or so imminent as to preclude recovery under the rule announced in *Comer* v. *Meyer, supra.*

There is no merit in the contention that the promise to repair, if made by Campbell, was not made by one duly authorized. A promise to repair will relieve the servant from the assumption of the obvious risks which the defects in a machine he is operating create when the promise is made by the master or someone standing in his place. Authority to so speak for the master may be shown either by proof of an expressed delegation of it or the presence of facts from which it may be fairly inferred, or conduct upon the part of the master tending to create in the mind of the servant a reasonable belief that such authority had in fact been conferred. *Spencer* v. *Haines,* 45 *Vroom* 13. Clearly in the case at bar the inference was permissible that Campbell had such authority. He had charge of the place of work, gave all orders, received reports regarding machinery and caused it to be repaired, and discharged men.

Two requests to charge were submitted to the trial judge. Both were, in effect, that if the jury found that a reasonable

time for the performance of Campbell's promise to repair had elapsed before the accident, the plaintiff could not recover. It is said these requests were refused. We do not so find. They were both read to the jury, and explained in an unobjectionable manner, amplifying but not modifying them. In *Andrecsik* v. *New Jersey Tube Co.,* 44 *Vroom* 664, 675, it was said that where the promise is indefinite or inferential as to the time of the performance, "there *may arise a question for the jury* of reasonable time, on the part of the master for performance, and consequently on the part of the servant for continuing to incur the risk in the expectation that the master will perform." Assuming, without deciding, that in the present case there *did arise a question for the jury,* we think it was properly submitted. The judge was not required to adopt either the form, or the words, or the collocation of phrases, in which the request to charge was framed. Having stated the legal rule called for, it was within his discretion to further elaborate it by applying to it any possible phases of the testimony. *Consolidated Traction Co.* v. *Haight,* 30 *Id.* 577; *Consolidated Traction Co.* v. *Chenowith,* 29 *Id.* 416.

The defendant seems to complain that the trial judge erroneously instructed the jury that they might attribute negligence to the defendant upon a finding of a failure to instruct the plaintiff as to the use of the machine. With respect to this contention it is sufficient to say that such parts of the charge as are brought up by the bill of exceptions and assigned for error do not exhibit any such instruction.

We have examined with care all the other assignments of error, but find none requiring reversal.

The judgment of the court below will be affirmed.