# Glass, Jr., *v.* Borough of College Hill, Appellant.

*Negligence — Master and servant — Defective machinery — Notice — Promise to repair—Continuing in employment—Boroughs.*

1. A servant may be guilty of contributory negligence in continuing to use a machine which he knows to be in dangerous condition, notwithstanding he has protested against such use, and received the master's promise to repair; but the test of contributory negligence in such case is whether the danger in using the machine was so imminent that no man of ordinary prudence would assume the risk. Except where the danger is so imminent that a reasonably prudent man would not incur it, the servant may, in reliance on the promise of the employer to remedy it, remain for a reasonable period in the employment without forfeiting his right to recover for injuries received because of these conditions.

2. In an action by an employee against his employer, a borough, to recover damages for injuries sustained by reason of the breaking of an engine of which plaintiff was in charge, the questions of defendant's negligence and of plaintiff's contributory negligence are for the jury where it appears that more than a month before the accident, defendant's attention was called to the defective condition of the engine, and repairs were made without remedying the condition, of which fact defendant had notice; that subsequently the plaintiff again called the defendant's attention to the defective part and at the same time expressed the opinion that its condition made it dangerous to operate and the defendant's representative replied, "We will have to have the light, George, you go on running and we will have it repaired;" and that plaintiff with full apprehension of the danger continued in employment on the assurance that the defect would be remedied.

Argued Oct. 11, 1911.   Appeal, No. 11, Oct. T., 1911, by defendant, from judgment of C. P. Beaver Co., March Term, 1909, No. 410, on verdict for plaintiff in case of George W. Glass, Jr., v. Borough of College Hill.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass for personal injuries.   Before HOLT, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,700 and judgment thereon. Defendant appealed.

*Error assigned* among others was in refusing defendant's motion for judgment non obstante veredicto.

*J. R. Martin*, with him *C. B. McCarter*, for appellant.—A freedom from contributory negligence is not shown when plaintiff's testimony showed that he knew of the defect: Nicholas v. Peck, 20 R. I. 533 (40 Atl. Repr. 418); Dodger v. Wanamaker, 4 Walker (Pa.), 267; Cisney v. Penna. Sewer Pipe Co., 199 Pa. 519; Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Diehl v. Iron Co., 140 Pa. 487; Delaware, L. & W. R. Co. v. Cadow, 120 Pa. 559; Reading Iron Works v. Devine, 109 Pa. 246; Marean v. N. Y. S. & W. R. R. Co., 167 Pa. 220.

*J. Sharp Wilson*, for appellee.—The case at bar, so far as the liability of the defendant borough is concerned, is definitely settled by a number of cases of our state: Brownfield v. Hughes, 128 Pa. 194; Webster v. Coal & Coke Co., 201 Pa. 278; Held v. Glass Co., 207 Pa. 534; Maines v. Harbison-Walker Co., 213 Pa. 145; Hartman v. Pulley Co., 38 Pa. Superior Ct. 587.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

The negligence here complained of was failure on part of the defendant to maintain in proper repair certain parts of the gas engine used in connection with the electric light plant of the defendant of which the plaintiff was the engineer in charge, the averment being that in consequence of such neglect the engine exploded, dislocating certain parts of the machinery about the engine, which, falling into the casing around the crank shaft, were, by reason of the rapid revolution of the machine, thrown violently against the plaintiff, thereby causing him severe injury. The accident occurred July 20, 1908. The plaintiff had been in charge of the plant for nearly a year and was an experienced engineer. He testified that more than a month before the explosion occurred from which his injuries were received, the attention of the light committee

of the borough council had been called to the defective condition of the engine; that this committee employed the Valley Machine Company to make these repairs; that after the machine company had completed its work upon the engine, and the engine had been again started, he notified the light committee, through its chairman, that the engine was not working satisfactorily; that the committee came and inspected it and agreed that it was in dangerous condition; and that again, on July 25, he served like notice on the chairman, calling his attention to the defective part, and at the same time expressing the opinion that its condition made it dangerous to operate. He testified that in reply to this last the chairman said: "We have to have the light, George, you go on running, and we will have it repaired." The plaintiff continued to operate the plant until the accident happened. Much of plaintiff's testimony was contradicted by the opposing witnesses, nevertheless it was for the jury to say where the truth lay as between them. That the plaintiff's testimony as to circumstances made out a prima facie case of negligence on the part of the plaintiff, is too clear for discussion. It is contended by the appellant that the plaintiff, upon his own showing, was guilty of contributory negligence and that binding instructions should have been given for the defendant. We quote so much of the testimony of the plaintiff as is here relied upon: "Q. And you continued to operate the plant? A. Yes, sir. Q. Now you have stated that the cause of this defect, that it gave a sound that was terrific at times. A. Yes, sir. Q. And you knew the cause? A. Yes, sir. Q. And you knew the danger? A. Yes, sir. Q. And you continued to operate it? A. Yes, sir."

That a servant may be guilty of contributory negligence in continuing to use a machine which he knows to be in dangerous condition, notwithstanding he has protested against such use, and received the master's promise to repair, is not to be questioned; but, after all, the test of contributory negligence in such case is whether the

danger in using the machine was so imminent that no man of ordinary prudence would assume the risk. Except where the danger is so imminent that a reasonably prudent man would not incur it, the servant may, in reliance on the promise of the employer to remedy it, remain for a reasonable period in the employment without forfeiting his right to recover for injuries received because of these conditions. These are settled principles. In the present case there is no pretense that the plaintiff continued in employment out of deference to what he supposed was the superior judgment of his employer as to the risk; he continued with full apprehension of the danger on the assurance that the defects would be repaired. This question of fact therefore was suggested: Did the plaintiff in remaining at his accustomed work about this engine after the twenty-fifth of July when he received the assurance that the defect would be remedied, act with reasonable care for his own safety? Or, in other words, did he behave as a reasonably prudent man would have acted under the circumstances? There may be and are cases where it is the duty of the court to say as a matter of law that an employee, who in the face of known danger continues in employment is guilty of negligence, even where a promise to repair has been made, but this occurs only when the recklessness of the act clearly evinces a disregard of the common rules of safety which ordinarily govern human conduct. Whether this could be affirmed of the conduct of this plaintiff, the jury alone could determine from all the facts in the case. This was the view taken by the court below, and the question was submitted to the jury with the careful and correct instructions as to the law, as will be seen from the following extract: "So that, gentlemen, if this machine was so dangerous that it threatened immediate injury, then we say to you that in any circumstances the plaintiff would be guilty of contributory negligence in continuing to operate it. If it was in that condition it was his duty to shut it down and quit, even if the employer promised to have it repaired, and

he continued to rely on that promise. But if the danger was not so imminent as to threaten immediate injury, and there was a promise to repair, and he continued in his employment, relying on that promise, and a reasonable length of time in which the repairs could have been made had not gone by, and the explosion occurred, and plaintiff was injured thereby, then he would not be guilty of contributory negligence in continuing to operate the machine." This instruction was in exact accordance with the law as frequently declared in our own cases, notably Reese v. Clark, 198 Pa. 312; Webster v. Coal & Coke Co., 201 Pa. 278, and Hollis v. Widener, 221 Pa. 72.

We see no merit in the assignments of error and they are accordingly overruled. The judgment is affirmed.