# Montgomery, Appellant, v. Rowe.

*Negligence—Master and servant—Safe means of access—Building operation—Elevator—Burden of proof—Failure to show specific act of negligence—Nonsuit.*

1. Except in the case of a common carrier the uniform rule is that, where recovery is sought on the ground of the negligence of the defendant, the burden of proof is on the plaintiff, and, in an action against an employer, some specific act of negligence must be shown.

2. In an action by a bricklayer against his employer to recover damages for personal injuries, a nonsuit is properly entered where no more appears by the plaintiff's case than that after completing his work upon an upper story of a building which defendant was erecting, he stepped upon an elevator which the employees were in the habit of using in going to and from the upper stories; that upon the usual signal to the engineer below that workmen were upon it who wished to descend, it immediately started down, with increasing velocity, until it struck the ground with such force that plaintiff was thrown out and injured; and it further appeared that there was a friction brake on the elevator by which it could have been controlled, there being no evidence of any defect of any kind in the elevator and none which would justify a finding that it was unsafe for the employees to use in going to and from their work, if the engineer who operated it—not shown to have been incompetent—had properly performed his duty.

Submitted Jan. 8, 1913.    Appeal, No. 268, Jan. T., 1912, by plaintiff, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1906, No. 5286, refusing to take off nonsuit in case of George Montgomery v. Elizabeth Rowe and Helen B. Rowe, Executrices of George Rowe, deceased.    Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Henry J. Scott,* for appellant.

*Frank A. Chalmers,* and *Simpson, Brown* and *Williams,* for appellees.

OPINION BY MR. JUSTICE BROWN, February 24, 1913:

When the appellant, a bricklayer in the employ of George Rowe, deceased, went to work on the morning of November 10, 1906, he ascended on an open elevator to the sixth story of a building which his employer was erecting. The employees were in the habit of using this elevator in going to the upper stories and in descending to the lower ones. After working on the sixth story until the noon hour, the appellant and three fellow workmen prepared to leave the building and return to their homes, as it was Saturday. When the four stepped on the elevator one of them gave the usual signal to the engineer below that workmen were upon it who wished to go down to the first floor. It immediately started downward, with increasing velocity, until it struck the ground with such force that the appellant was thrown from it and seriously injured.

In presenting his case in the court below the plaintiff showed nothing beyond the mere happening of the accident; but, as his action was against his employer, there was no presumption that the elevator was unsafe or defective. Except in the case of a common carrier the uniform rule is that, where recovery is sought on the ground of the negligence of the defendant, the burden of proof is on the plaintiff, and, in an action against an employer, some specific act of negligence must be shown: Philadelphia & Reading Railroad Company v. Hughes, 119 Pa. 301; Mixter v. Imperial Coal Company, 152 Pa. 395; Spees v. Boggs, 198 Pa. 112; Surles v. Kistler, 202 Pa. 289; Marsh v. Lehigh Valley Railroad Company, 206 Pa. 558; Clark v. Garrison Foundry Company, 219 Pa.

426.   No defect of any kind was shown in the elevator, nor was there any evidence which would have justified a finding that it was unsafe for the employees to use in going to and from their work on the several stories in the building, if the engineer who operated it—not shown to have been incompetent—properly performed his duty. On the contrary, it affirmatively appeared in the testimony of the last witness called that there was a friction brake on it by which it could have been controlled.   Its falling was not shown to have been due to the breach of any duty owed by the employer to his employees.   With the friction brake upon it, the engineer could have controlled it, and the only rational conclusion is that, instead of doing so, he carelessly let it drop with resultant consequences to employees, which are not to be visited upon the employer.

Judgment affirmed.