# Brynelson, Appellant, v. Turner-Forman Concrete Steel Co.

*Negligence—Master and servant—Evidence—Directed verdict—Act of May 11, 1893, P. L. 41.*

1. When an employee charges his employer with negligence, he must prove it. The mere fact of the happening of an accident cannot establish liability.

2. Where in an action to recover damages for personal injuries it appears that plaintiff, after completing his day's work, was injured through the fall of a block of wood upon him, while he was descending a ladder in a building on which his employer, the defendant, was a sub-contractor, and plaintiff produces no evidence of the cause of the accident or of any failure of duty by defendant, the court is correct in directing a verdict for defendant.

3. The plaintiff in such case can not rely upon a theory that defendant owed strangers lawfully on the premises a duty of protection, where as he alleges and proves that at the time of the accident he was still in the course of his employment.

4. The Act of May 11, 1893, P. L. 41, relating to the covering of joists and girders by parties in charge of the construction of new buildings has no application to such a case.

Argued Jan. 10, 1913. Appeal, No. 375, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1910, No. 5291, in favor of defendant in case of John Brynelson v. Turner-Forman Concrete Steel

Company. Before FELL, C. J., BROWN, MESTREZAT, POT-
TER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Supreme
Court.

The court directed a verdict in favor of defendant
upon which judgment was subsequently entered. Plain-
tiff appealed.

*Error assigned* was the action of the court in giving
binding instructions in favor of the defendant.

*Harry D. Wescott,* of *Wescott, Wescott & McManus,*
for appellant.—The jury could have fairly and reason-
ably inferred from the facts in evidence that the cause
of the injury was the failure to place suitable guards
around the four sides of each of the elevator holes; or
failure to cover each of the holes with suitable boards
to prevent any object from falling through them, ac-
cording to the spirit of the Act of May 11, 1893: Ferry v.
Philadelphia Rapid Transit Co., 232 Pa. 403.

The master was bound to supply plaintiff a safe place
to work: Prevost v. Citizens Ice & Refrigerating Co.,
185 Pa. 617; N. Y., Lake Erie & Western R. R. Co. v.
Bell, 112 Pa. 400; Lewis v. Seifert, 116 Pa. 628; Mullan
v. Steamship Co., 78 Pa. 25; Finnerty v. Burnham, 208
Pa. 305; Barry v. Steel Co., 234 Pa. 367; Penna. & N. Y.
Canal & R. R. Co. v. Mason, 109 Pa. 296; Rummell v.
Dilworth, 111 Pa. 343; Levinson v. Myers, 24 Pa. Su-
perior Ct. 481; McGrew v. Stone, 53 Pa. 436; McCoy v.
Ohio Valley Gas Co., 213 Pa. 367; Lyttle v. Denny, 222
Pa. 395; Scott v. Docks Co., 3 Hurl. & Colt. 596; Lake
Shore & Mich. So. Ry. Co. v. Rosenzweig, 113 Pa. 519;
Shafer v. Lacock, 168 Pa. 497.

The following cases support the contention that plain-
tiff was not a fellow servant at the time of the accident,

and that defendant owed to him the same degree of care as it owed to a stranger lawfully on the premises: Baird v. Pettit, 70 Pa. 477; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Booth v. Dorsey, 208 Pa. 276; McNulty v. Penna. R. R. Co., 182 Pa. 479; McGuigan v. Beatty, 186 Pa. 329.

*F. B. Bracken,* of *Loughlin & Bracken,* for appellee.— There was no evidence which would have justified the jury in concluding that it was the duty of the defendant to enclose or cover the elevator shaft; and therefore no evidence of the negligence alleged in plaintiff's statement of claim: Mack v. Wright, 180 Pa. 472.

The plaintiff assumed the risk of conditions, the danger of which, if any, was perfectly obvious: Byers v. Coal Co., 230 Pa. 10; Hollis v. Widener, 228 Pa. 466.

The negligence if any established that of a fellow servant: Dishon v. Cinn., N. O. & T. P. Ry. Co., 126 Fed. Repr. 194; Willmarth v. Cardoza, 176 Fed. Repr. 1.

OPINION BY MR. JUSTICE BROWN, February 24, 1913:

The appellant, a carpenter, was an employee of the appellee, and, in his action against it for its alleged negligence, nothing was shown except that, as he was descending on a ladder from an upper to a lower story of a building in which his employer was a sub-contractor, a falling block of wood struck him on the head and he fell, sustaining the injuries for which he seeks compensation. After the completion of a day's work on December 2, 1910, he, with a number of other workmen, descended on a ladder in a smoke shaft from the tenth floor of the building to the sixth, and on that floor he went from the smoke shaft to an elevator shaft which was in process of construction and started to descend on a ladder in it to a lower floor. Just as he started to go down from the sixth floor the falling block of wood struck him. A verdict was directed in favor of the defendant, and from the judgment on it the plaintiff has appealed.

There was no evidence from which the jury could have

determined how the block or blocks of wood happened to fall. It does not even appear from which story they came. From all that appeared in the testimony, some one may have thrown them down the shaft, and, if so, the guards which counsel for appellant insist ought to have been around the openings on each floor would have been no protection to the employees. There was no proof, nor offer of proof, of any custom among builders to close or cover shaftways while a building is in course of erection. Nor was there any proof that blocks had previously fallen, warning the appellee of danger to its employees; nor that any work was being done above the shaft or about it at the time of the accident; nor that any blocks were kept near it on any floor, nor that any practical method of guarding or covering the shaft openings could have been adopted to prevent the falling of objects without interfering with the progress of the work in erecting the building. In short, nothing was shown except the mere happening of the accident—the falling of the block of wood—and the case comes clearly within the rule this day re-announced in Montgomery v. Rowe, et al., ante 321, that, when an employee charges his employer with negligence, he must prove it.

The distinct averment in appellant's statement of his claim is that he was injured through the carelessness and negligence of the appellee, "as he was descending a ladder, while in the course of his employment." On that averment the case went to trial, and on it the appellant would have had his claim passed upon by a jury; but on this appeal we are asked by his counsel to reverse the judgment and award a new trial because, as he had ceased his work for the defendant and was about to start for his home, he was not, at the time of the injury, in the employ of the appellee, and it, therefore, owed him the same duty of protection and safety that it owed to a stranger lawfully upon the premises. Perhaps it may be as well to merely say of this change of base that about the only material fact proven on the trial, in addition to

the injury sustained by the appellant, was that, when he was injured, he was in the course of his employment as an employee of the appellee; and, even with changed pleadings, the case could not have gone to the jury under Baird v. Pettit, 70 Pa. 477, cited by his counsel on this appeal. In that case the plaintiff was injured while walking home over a pavement in front of a building owned by his employer, but, as pointed out by Mr. Justice WILLIAMS, he was not under the employer's control or orders at the time he was injured. "As soon as he left the building he was his own master. He was then no more in the defendant's service than any other citizen passing along the street, and he was entitled to the same rights and immunities. If the relation of master and servant did not cease when he left the building, after his day's work was done, when did it? It cannot be pretended that it followed the plaintiff home and remained with him while there. And if not, it must have ceased when he left the building, and he had the same right to an unobstructed sidewalk in front of the defendant's premises as any other citizen; and, if injured by a dangerous obstruction, the same remedy for an injury. It will scarcely be contended that if, while on his way home, he had been run down by the defendant's carriage, through the carelessness of the driver, the defendant would not have been responsible for the injury, because the negligence of the driver was one of the risks which the plaintiff assumed when he entered into his service."

Equally inapplicable to the facts in this case is the Act of May 11, 1893, P. L. 41, the provisions of which are invoked by counsel for appellant. They are: "Sec. 1. That on and after the passage of this act it shall be the duty of the party or parties having charge of the construction of any new building hereafter erected in this Commonwealth, to have the joists or girders of each floor above the third story covered with rough scaffold boards or other suitable material, as the building progresses, so as to sufficiently protect the workmen either

from falling through such joists or girders, or to protect the workmen or others who may be under or below each floor from falling bricks, tools, mortar or other substances whereby accidents happen, injuries occur and life and limb are endangered"; and Sec. 2, "That for every violation of this act a penalty, not exceeding one hundred dollars for each floor of joists or girders left uncovered, shall be imposed, to be collected as fines and penalties are usually collected." The appellee was not in charge of the construction of the building, but was a mere sub-contractor for the cement work. The contractors in charge of the construction of the building were Roydhouse, Corey & Company. As a specific penalty is attached to a violation of the provisions of the Act of 1893, it is to be strictly construed. But even if the appellee had been the contractor in charge of the building, under the facts as developed, the Act of 1893 would have no application: Mack v. Wright, 180 Pa. 472.

The assignment of error is overruled and the judgment is affirmed.