# Ceen, Appellant, v. William Cramp & Sons Ship and Engine Building Co.

*Negligence—Master and servant—Scaffold—Fall—Unexplained accident—Judgment for defendant n. o. v.*

In an action against an employer to recover damages for personal injuries resulting from a fall sustained by plaintiff while working upon a scaffolding, judgment for defendant n. o. v. was properly entered where the causes of negligence alleged were not sustained by the proofs and the plaintiff relied solely upon the happening of the accident to sustain the case.

Argued March 30, 1915. Appeal, No. 59, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1913, No. 2913, for defendant n. o. v., in case of Frederick Ceen v. The William Cramp and Sons Ship and Engine Building Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,200. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*J. M. McCaughey,* for appellant.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 10, 1915:

This is an action of trespass brought by an employee to recover damages for an injury which he alleges was caused by the negligence of his employer. There was a verdict for the plaintiff, but the court entered judgment for the defendant non obstante veredicto on the ground that the evidence failed to show any negligence on the part of the defendant which caused the plaintiff's injuries.

The plaintiff was employed by the defendant as a painter, and at the time of the accident was engaged with a fellow-workman in painting the ceiling and the side of the hold of a ship in course of construction by the defendant. There was a skeleton scaffold, fifteen to eighteen feet high, which was used by the painters in performing the service. Loose boards were laid on the top of the scaffold and placed in position by the workmen as they had occasion to use them. There was a stick of timber or log, variously known as a stiffener, ribbon or strongback, seven or eight inches square and more than twenty feet in length, which was bolted to the side of the ship to hold the bulkhead in place. On the day of the accident and while the plaintiff and his fellow-workman were engaged at their work in the hold, they laid a plank from the platform to the ribbon, over which the plaintiff passed, and as he stepped on the ribbon it fell, precipitating him to the floor and causing the injuries for which he seeks to recover damages in this action.

The cause of action averred in the statement is that the defendant negligently and carelessly erected and constructed the scaffold and negligently and carelessly permitted to be furnished and used defective and insufficient material in the construction of the scaffold which caused it to break and fall resulting in the injury to the plaintiff. There is no evidence whatever in the

case to sustain the averments of the statement except that the ribbon fell and caused the plaintiff's injuries. This was insufficient to sustain the plaintiff's case. There was no proof that the ribbon or the scaffolding was negligently or carelessly erected, or that the material of which it was constructed was defective or insufficient. The ribbon seems to have been securely fastened to the side of the hold, and there is no evidence to show that it became loose, or that it was defective in the method of construction, or that the material was rotten or defective and was not of the best quality. There is nothing in the case to show that the accident occurred by reason of the failure of the defendant to properly inspect and keep in repair the ribbon or the scaffold, or that it failed in the performance of any other duty in the construction or placing of the ribbon which resulted in it falling and causing the plaintiff's injuries. The plaintiff is, therefore, compelled to rely solely upon the happening of the accident to sustain this action against his employer which is not sufficient to warrant a recovery under the facts of this case: Price v. Lehigh Val. R. R. Co., 202 Pa. 176; Montgomery v. Rowe, 239 Pa. 321, and Brynelson v. Turner-Forman Concrete Steel Company, 239 Pa. 346.

The judgment is affirmed.