WILLIAM CRAMP & SONS SHIP & ENGINE BLDG. CO. v. WACZAK.

(Circuit Court of Appeals, Third Circuit.   May 24, 1917.)

No. 2193.

1. MASTER AND SERVANT ⟺278(5)—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an employé's action for injuries, there was testimony to show that a pneumatic drill or chisel operated by him, and which, when in proper order, would operate only when a spring or lever was pressed, and would cease operating when such pressure was withdrawn, was defective, in that it would not respond properly to the lever mechanism, but would start when it should stop, and stop when it should start, that, when an attempt was made to stop it, it continued to operate, with the result that the chisel stuck and the blade broke, a portion of it striking plaintiff in the eye, and that the employer was informed of this defect in the apparatus.   *Held,* that these facts, if true, were sufficient proof of the employer's negligence in failing to provide a safe and suitable instrument with which to work, to support the action, and the case was not one in which an attempt was made to deduce negligence from the happening of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 961.]

2. MASTER AND SERVANT ⟺189(7)—FELLOW SERVANTS—FOREMAN.

Where there was testimony that an employé in the conduct of his work was wholly subject to a foreman's orders and that the foreman, though not having the power of final discharge, had the power to select men for discharge, and that discharges were made by another upon his recommendation, the court properly refused to hold the foreman a fellow servant of the employé, without power to speak for the employer in directing the employé in his work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 448.]

3. MASTER AND SERVANT ⟺289(8)—ACTIONS FOR INJURIES—QUESTION FOR JURY.

Reasonable reliance by a servant on a master's promise to repair, and continued use of a defective instrument for a reasonable period pending performance, is not contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1097.]

4. MASTER AND SERVANT ⟺289(8)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an employé's action for injuries, there was evidence that a pneumatic drill or chisel, intended to operate only when a spring or lever was pressed, did not respond properly to pressure, in that it would start when it should stop, and stop when it should start, that the employé operating it told his foreman that it was no good, that the foreman after examining it and trying it for himself, said it was all right, and for the employé to go to work, and that he would fix it when he got a chance, that the employé continued to work with it for about three hours, and that he was then injured by its failure to work properly.   There was no evidence to show that, after the promise to repair, there was any change in the defective operation, or anything to indicate that the danger was greater or more imminent after the promise than before.   *Held,* that the court properly refused to hold as a matter of law that plaintiff relied upon the promise for an unreasonable period, and imprudently continued in the employment in the face of obvious and imminent danger, and was therefore guilty of contributory negligence, as what is a reasonable period to continue in the employment, in reliance on a promise of repair, is ordinarily a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1097.]

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Adam Waczak against the William Cramp & Sons Ship & Engine Building Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Graham & Gilfillan and Joseph Gilfillan, all of Philadelphia, Pa., for plaintiff in error.

B. D. Oliensis, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an action for personal injuries sustained by the plaintiff, in consequence, it is alleged, of the negligence of the defendant in ordering and directing him to use a tool known by the defendant to be defective and dangerous.

The plaintiff was a chipper and caulker in the shipyard of the defendant. He worked with a pneumatic drill or chisel called an "air gun." The mechanism of this appliance was such that when in proper order it would operate only when a spring or lever was pressed and it would cease operating the instant pressure was withdrawn.

Shortly after going to work on the day of the accident, the plaintiff found that the air gun did not respond properly to pressure, in that it would start when it should stop and stop when it should start. He took it to his foreman and had the following conversation with him. The plaintiff said:

" 'Charlie, that machine no good, he don't drive regular.' And Charlie Ginhart said to me—he got hold of the machine to look at it, and he started it himself. He said, 'The machine is all right. You go to work. When I get a chance I will fix it right.' "

The plaintiff returned to work with the tool in this condition and continued to work with it for about three hours, when, as he testified, the chisel of the gun stuck against the iron, the gun refused to stop upon release of pressure, and the chisel broke, one part remaining in the iron, and the other flying through the air struck him in the eye and inflicted the injury complained of. These facts were vigorously controverted, but are now established by the verdict of the jury.

[1] The first error assigned was the court's refusal to direct a verdict for the defendant on the ground that the plaintiff had failed to prove negligence. In support of this contention, the defendant urges that evidence which showed that the spring would not work, but did not show why it would not work, was not evidence of the defective condition of the appliance, and in default of other evidence left the jury to find negligence from the fact of the accident.

This was not a case where the act which caused the injury was unknown or left in doubt, as in those cases in which attempts have been made to deduce negligence from the happening of the accident (Ceen v. Cramp, 249 Pa. 415, 95 Atl. 101; Montgomery v. Rowe, 239 Pa. 321, 86 Atl. 923; Brynelson v. Concrete Steel Co., 239 Pa. 346, 86 Atl. 924); for here the testimony showed that the tool was defective and wherein it was defective, and how the accident happened in conse-

quence of the defect. It showed that the defect in the appliance was its refusal to respond properly to the lever mechanism; that in the lever mechanism was the seat of the trouble, and that because it would not respond it continued to operate when an attempt was made to stop it, with the result that the chisel stuck and the blade broke, and in that way caused the injury. It further appeared that the defendant was informed of the defect. Assuming this to be a true narrative of the facts, it was proof of the master's negligence in failing to provide the servant with a safe and suitable instrument with which to work, amply sufficient to support the action. Whether it was true was a question wholly for the jury. Gerding v. Standard Pressed Steel Co., 220 Pa. 229, 69 Atl. 672.

Error is charged to the court for submitting to the jury the question of the plaintiff's right to recover after returning to work with a known defective appliance upon the direction of the foreman and in reliance upon his promise to repair. This error is assigned upon several grounds, the first of which is that the foreman was the plaintiff's fellow servant and therefore was without authority to bind the defendant by his order and promise.

[2] In presenting this question, counsel did not invoke the law of vice principal as declared by the Pennsylvania Employers' Liability Act (P. L. 1907, p. 523), but relied generally upon the sufficiency of the testimony to take the foreman out of the class of fellow servants. Considering the point along the line of the argument, we are satisfied that there was testimony in abundance that the plaintiff, in the conduct of his work, was wholly subject to the foreman's orders, and that the foreman, though not having the power of final discharge, had the power to select men for discharge, and upon his recommendation discharges were formally made by another. Upon the evidence as to the relative positions of the plaintiff and the foreman and as to the foreman's control of the plaintiff, we are of opinion that the court committed no error in refusing to hold the foreman a fellow servant of the plaintiff without power to speak for the defendant in directing the plaintiff in his work.

[3, 4] The defendant contends finally that even if the foreman was authorized to speak for and bind the defendant, his promise to fix the appliance when he got a chance was not sufficiently definite in point of time for the plaintiff to rely upon it, and if in reliance upon it he continued to work with the tool for something more than three hours, knowing its defects all the while, he was guilty of contributory negligence, and therefore the court should have directed a verdict for the defendant. This contention is controlled by well settled principles. In Glass v. College Hill Borough, 233 Pa. 457, 82 Atl. 771, the court said:

"That a servant may be guilty of contributory negligence in continuing to use a machine which he knows to be in a dangerous condition, notwithstanding he has protested against such use, and received the master's promise to repair, is not to be questioned; but, after all, the test of contributory negligence in such case is whether the danger in using the machine was so imminent that no man of ordinary prudence would assume the risk. Except where the danger is so imminent that a reasonably prudent man would not incur it, the servant may, in reliance on the promise of the employer to

remedy it, remain for a reasonable period in the employment without forfeiting his right to recover for injuries received because of these conditions."

In Seaboard Air Line v. Horton, 239 U. S. 595, 599, 36 Sup. Ct. 180, 182 (60 L. Ed. 458) the court said:

"To relieve the master from responsibility for injuries that may befall his servant while remaining at his work, in reliance upon a promise of reparation, there must be something more than knowledge by the employé that danger confronts him, or that it is constant. The danger must be imminent —immediately threatening—so as to render it clearly imprudent for him to confront it, even in the line of duty, pending the promise."

We do not understand that the defendant questions these general principles, or that it objects to the manner in which they were stated to the jury. Its complaint is that the court did not itself apply them to the facts of the case and determine as matters of law the questions to which they were applicable. We find no evidence tending to show that after the master's promise to repair and after the plaintiff resumed work with the defective instrument, there was any change in its defective operation or anything to indicate that the danger was greater or more imminent after the promise than before. Reasonable reliance by the servant on a promise of reparation and continued use of the defective instrument for a reasonable period pending performance cannot be regarded as contributory negligence as a matter of law. Seaboard Air Line v. Horton, supra. What is such reasonable period is ordinarily a question for the jury. Meade v. Pittsburg Rys. Co., 223 Pa. 145, 72 Atl. 263; Glass v. College Hill Borough, 233 Pa. 457, 82 Atl. 771; Pavan v. Worthen, 80 N. J. Law, 567, 78 Atl. 658. The court, therefore, committed no error in refusing to hold as a matter of law, that the plaintiff relied upon the promise of the defendant for an unreasonable period, and imprudently continued in its employment in the face of danger both obvious and imminent, and therefore was guilty of contributory negligence.

As we find no merit in the assignments of error,

The judgment below is affirmed.