# Sandt, Appellant, v. North Wales Foundry Company.

*Negligence—Master and servant—Defect in appliances—Evidence—Nonsuit.*
In an action by an employee against his employer to recover damages for personal injuries, a nonsuit is properly entered where the evidence fails to disclose any defect in the appliances used, or if a defect existed, it must have been seen by plaintiff; that of the several theories advanced for the cause of the accident, one was as plausible as the other; and that if the case were left to the jury, the verdict would be a mere guess as to the real cause.

Argued Jan. 30, 1906. Appeal, No. 280, Jan. T., 1905, by plaintiff, from order of C. P. Montgomery Co., Oct. T., 1904, No. 113, refusing to take off nonsuit in case of Titus Sandt v. North Wales Foundry Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WEAND, J.

At the trial the court entered a compulsory nonsuit. Subsequently on a motion to take off the nonsuit, WEAND, J., filed the following opinion :

Plaintiff was employed about the molding room of the defendants' foundry and an accident having occurred by which he was injured, he has brought this suit to recover damages, alleging negligence on part of defendants in not providing proper machinery, and not instructing him, etc.

A "cope" is part of the double sand-filled flask, within which the pattern has been placed and the casting made.

After the cast is completed it is necessary to clean out the sand from the "cope" and this is done by ramming it out with an iron or wooden bar. The cope is hoisted by a crane and suspended by chains to a hook. The sand is then punched or rammed out. This was the work in which plaintiff was engaged when the accident occurred. The cope "wobbled" or "tilted," slipped off the hook and struck plaintiff on his foot, injuring him severely. It had "wobbled" or "tilted" frequently before and plaintiff had been engaged in the same work for a number of days previously, having abundant opportunity to observe the operation. It was ordinary labor, requiring no skill or instruction.

The accident occurred at a time when plaintiff and another were ramming out the sand, causing the cope to "tilt" and slip from the hook.

No witness to the accident could tell what caused the slipping off the hook and three theories can be assigned, viz :

1. That the chains were improperly placed upon the hook before the cope was raised.

2. That the ramming or punching of the sand by plaintiff and another caused the wobbling or titling and the slipping of the chains from the hook.

3. That the hook was too small and cope chains too short.

From the evidence one theory was as plausible as another and the jury would have been left to guess. As the accident itself gave no cause of action plaintiff was required to prove negligence or omission of duty on part of defendants. With the well-known sympathies of juries for injured employees and consequent verdicts against corporations, the court is compelled

to enforce the law that negligence must be shown and not con-
jectured.

If the accident was caused by reason of the improper plac-
ing of the chains on the hook by a fellow workman or by the.
ramming of plaintiff there could be no liability on part of the
defendants, and as the accident could with equal propriety be
attributed to either of these causes the case is ruled by Alex-
ander v. Penna. Water Co., 201 Pa. 252, and Price v. Lehigh
Valley R. R. Co., 202 Pa. 176.

The evidence as to the insufficiency of the hook was not suf-
ficient to convict defendants of negligence. It had been used
frequently before, had answered its purpose and although. it
might have been larger or of a different shape this was a matter
of judgment. The witnesses who spoke of its defects or insuf-
ficiency had used others of different make or size, but as there
was no standard hook or method of attaching the cope to the
crane chain this testimony was of little importance. Besides,
it was entirely theoretical. The party charging negligence
does not show it by showing that the machinery was not in
common use. If it should be so held the use of the newest and
best machinery if not generally adopted, could be adduced as
evidence of negligence : Smith v. Traction Co., 202 Pa. 54;
Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625 ; Titus v.
Bradford, etc., R. R. Co., 136 Pa. 618.

The language of Mr. Justice FELL in McClain v. Henderson,
187 Pa. 283, may be applied to this case: " The testimony of
the witnesses who saw the accident which resulted in the death
of the plaintiff's husband fails to furnish any explanation of its
cause from which an inference of negligence on the part of the
defendant could arise. The attempt at the trial seems to have
been, not to develop the facts immediately connected with the
occurrence, but to establish by expert testimony a theoretical
cause which at most was one of many equally probable causes."
In many respects the case cited is analogous, and there as here
"it did not appear whether the dropping of the bucket was
caused by overloading, by defects in the machinery, or by un-
skillful management."

The plaintiff was about forty-four years of age and had been
in the employ of defendants for about eleven months. He had
been engaged in the particular work at the crane apparatus

for twenty-six days prior to the accident and had assisted in raising the cope during that period seventy-eight times, i. e., three times each day—that he had assisted in freeing the cope from sand once each day during the said period. During this time the apparatus was in the same condition as at the time of the accident. There was no latent defect in the apparatus and nothing broke. If to the mind of the plaintiff, who was engaged in the work, there was no defect in the machinery, how could his employers be any wiser? If it was dangerous why did he continue in the work? His eyes showed him everything that was necessary to be known as regards the safety of the operation. Instruction was not necessary, and any ordinary laboring man could have done the work. When the cope " tilted " it was because it was overloaded, improperly balanced or punched too hard, and this should have put plaintiff on his guard; and if for either reason the chains slipped—the most plausible theory—the defendants are not liable.

If plaintiff's witnesses are to be believed the danger was obvious and he assumed the risk of employment, and according to his own testimony, " every time we rammed out the cope shook and the chains spread one time like the other."

A workman is under no obligation to continue working in a dangerous place of employment. If he does so, with every opportunity to know the danger, he cannot excuse his own want of care in failing to notice and guard against it, by alleging that his employer promised to do this, and had failed to observe his promise : Reese v. Clark, 146 Pa. 465.

Where an accident results from an unforseen cause not discernible in advance of its occurrence, with no visible defect in any part of the machinery and no knowledge of any defect on the part of the men who were constantly using the machinery, or of the employer, the accident is one of the ordinary risks of the employment which the servant takes upon himself: Bradbury v. Kingston Coal Co., 157 Pa. 231 ; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

We are of opinion that the evidence failed to disclose any defect in the appliances used, and if it does, that the defect and danger must have been seen by plaintiff ; and also that as the accident could with equal propriety be attributed to the force used by the ramming or improper loading or placing of

the chains upon the hook, that the verdict of the jury would have been a mere guess as to the real cause.

And now, to wit: April 3, 1905, the motion to take off the nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*G. Herbert Jenkins*, for appellant.

*Francis K. Swartley* and *Bruce A. Metzger*, for appellee, were not heard.

PER CURIAM, February 26, 1906:

The judgment is affirmed on the opinion of the court below, refusing to take off the nonsuit.