| 216 | 279 |
|-----|-----|
| 219 | 408 |
| 216 | 279 |
| f221 | [1] 76 |
| e221 | [2] 77 |

## Foster *v.* National Steel Company, Appellant.

| 216 | 279 |
|-----|-----|
| 223 | 100 |
| [216 | 279 |
| d39SC | 146 |

*Negligence—Master and servant—Dangerous place of employment—Trestle.*
In an action against a manufacturing corporation to recover damages for personal injuries, the evidence tended to show that the defendant operated and controlled a trestle in a condition which was not reasonably safe for men to work upon, that it reserved to itself the care and maintenance of the structure, that the plaintiff protested against the dangerous condition of the trestle, but continued at work, and relied upon the promise of the defendant to fix or provide walks on each side of the track at the point where he was injured; that the risk of injury in the meantime was not so imminent as to require a prudent man to refuse to continue at work; that the plaintiff was engaged in the performance of his duty, and was exercising reasonable care in attempting to walk over the ties at the time when he slipped and received the injury.   *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.
  The fact that a company employs a man to unload cars, paying him by the carload, and that he employs his own helpers, does not make him an independent contractor as to one who is either directly in the employ of the company or indirectly as a helper and who is injured by a defective structure which it was the company's duty to keep safe and in repair.

Argued Oct. 15, 1906.   Appeal, No. 25, Oct. T., 1906, by defendant, from judgment of C. P. Lawrence Co., June T., 1902, No. 67, on verdict for plaintiff in case of Frank G. Foster *v.* National Steel Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

280    FOSTER *v.* NATIONAL STEEL CO., Appellant.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,781.25. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*J. Norman Martin,* with him *James J. Igoe,* for appellant.— The risk was apparent and it was assumed by the plaintiff when he undertook to walk on the end of the ties : D., L. & W. R. R. Co. v. Cadow, 120 Pa. 559 ; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185 ; Hurley v. Iron & Steel Co., 186 Pa. 187 ; Kaseman v. Sunbury Borough, 197 Pa. 162 ; Wilkinson v. Mfg. Co., 198 Pa. 634 ; Kupp v. Rummel, 199 Pa. 90 ; Marean v. New York, etc., R. R. Co., 167 Pa. 220 ; Barnes v. Sowden, 119 Pa. 53 ; King v. Thompson, 87 Pa. 365 ; Hoag v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293.

*Robert K. Aiken,* with him *D. F. Anderson* and *L. K. & S. G. Porter,* for appellee.—A master must not subject his servants to dangers such as he should provide against ; and if the master fails to provide a safe place to work for persons necessarily and ordinarily employed in and about his premises, he is liable : Patterson v. Pittsburg & Connellsville Railroad Company, 76 Pa. 389 ; Kehler v. Schwenk, 151 Pa. 505 ; Webster v. Coal & Coke Co., 201 Pa. 278.

The promise to repair was not made to the plaintiff ; but the promise inured to the benefit of the plaintiff : Maines v. Harbison-Walker Co., 213 Pa. 145 ; Brownfield v. Hughes, 128 Pa. 194.

It is argued the relation of master and servant did not exist because the plaintiff was paid by James McClure, an employee of the defendant, who was paid by the car. This question is clearly disposed of in the case of Rummell v. Dilworth, 111 Pa. 343 ; Wood, Master and Servant, sec. 337 ; Hoffner v. Prettyman, 6 Pa. Superior Ct. 20 ; Coughtry v. Globe Woolen Co., 56 N. Y. 124.

OPINION BY MR. JUSTICE POTTER, January 7, 1907 :

The negligence charged against the defendant here was failure to provide a reasonably safe place for the men to work, while engaged in and about the duties of unloading coal and supplies for the defendant company, from cars standing upon a trestle at a height of twenty feet or more from the ground. It appears from the evidence that along one side of the elevated railroad track, upon which the cars stood, and upon the extended ends of the ties, a narrow plank walk had been laid. Upon the other side of the track no planks were laid, and no provision for walking or standing was made, but the ends of the protruding ties furnished the only footing for the men in passing along the trestle, upon that side of the cars. At the time of the accident, the narrow plank walk which had been provided on the one side was broken in such a way as to prevent its use, so that in order to pass along the trestle it was necessary to walk upon the ends of the railroad ties.

The plaintiff in this case was, at the time of the injury complained of, a laborer engaged in unloading coal, upon the trestle in question, for the use of the mills of the defendant company. It appears from the testimony of the plaintiff, that this work of unloading the stock from the cars was in charge of one James McClure, who seems to have been paid for the work by the carload, and who, in turn, employed his own helpers. Counsel for appellant have argued from this, that McClure was an independent contractor, and that the plaintiff was therefore not in the employ of the defendant company, at the time, and that the relation of master and servant did not exist. The defendant, of course, had full knowledge of the fact in this respect, and as it offered no evidence to show that McClure was an independent contractor, it must be presumed that he was not; the mere fact that his compensation was at a fixed amount per carload would not be important : Rummell v. Dilworth, 111 Pa. 343. Whether the plaintiff was directly in the employ of the defendant company, or indirectly, as a helper to McClure, we think he was, under the evidence, properly treated as an employee. The defendant company furnished the place in which the work was to be done, and accepted the responsibility of making it reasonably safe and of keeping it in repair. It reserved to itself the care and maintenance of the trestle

upon which the workmen were obliged to remain and to move about while unloading the supplies of fuel and ore for the defendant company. It could not, therefore, with full knowledge of the defects of the structure, permit the men to work upon it, and then shift the responsibility upon a so-called independent contractor. See Trainor v. Railroad Co., 137 Pa. 148.

At the time of the accident the plaintiff had partially unloaded one car, and found it necessary to pass along the trestle to another car. Being prevented by the broken planking from using that side of the track, he passed between the ends of the cars to the other side, and while attempting to make his way along the car, and upon the ends of the ties, slipped and fell to the floor of the bin, some twenty feet below, receiving very serious injuries. There was evidence that, upon a previous occasion, the plaintiff had slipped upon the ties and narrowly escaped a dangerous fall, and that he had then complained to McClure of the condition of the trestle, and McClure had in turn complained to the superintendent of the mills of the defendant company, and that official had promised to have the walks fixed on each side of the track, and needed repairs made. This promise was made by the superintendent to McClure in the presence of the plaintiff. Within about ten days from the time this promise was made, the plaintiff, in the performance of his duty, while attempting, as has already been stated, to pass from one car to another by the only available course, upon the ends of the ties, slipped, fell and received severe injuries.

The court below submitted to the jury the questions of fact involved, in a very careful and discriminating charge, in which the interests of the defendant company were fully guarded. No exceptions whatever to this charge have been taken by counsel for appellant.

The verdict of the jury must, therefore, be accepted as establishing these facts: That the defendant company, being in possession and control of the trestle, and having reserved to itself the care and maintenance of the structure, did not maintain it in a reasonably safe condition for the men to work upon; that the plaintiff protested against the dangerous condition of the trestle, but continued at work, and relied upon the

promise of the defendant to fix or provide walks on each side of the track at the point where he was injured; that the risk of injury in the meantime was not so imminent as to require a prudent man to refuse to continue at work; that the plaintiff was engaged in the performance of his duty, and was exercising reasonable care in attempting to walk over the ties at the time when he slipped and received the injury. These were all questions of fact which, under the testimony, could not properly have been taken from the jury, as the evidence, if believed, was ample to support the findings. We can see nothing in the manner in which the case was submitted, of which the defendant company has any just right to complain.

The assignments of error are without merit, and they are dismissed, and the judgment is affirmed.