# Bain *v.* Petroleum Iron Works Company, Appellant.

*Negligence—Independent contractor—Evidence—Case for jury.*

In an action against a corporation to recover damages for personal injuries, it appeared that the defendant had a contract to put up a plant for a laundry. The plaintiff, a workman, was injured while helping in this work. The defendant had a written agreement with a contractor by which the entire work was placed in the latter's hands, on his undertaking, for a stipulated consideration, to furnish all labor and material. The defendant reserved nothing except only the right to alter the specification which was made part of the contract between the defendant company and the laundry company. There was evidence that the defendant paid the wages of the men employed by the contractor, but it was explained that this was done because the contractor was without funds and asked the company to make the payments and charge them to him as advancements. *Held,* that the question as to whether the work was in charge of an independent contractor was for the jury.

Argued Oct. 20, 1908. Appeal, No. 84, Oct. T., 1908, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1905,

No. 410, on verdict for plaintiff in case of Thomas Bain v. Petroleum Iron Works Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was (3) portions of opinion, quoted in the opinion of the Supreme Court.

*John C. Bane,* with him *B. G. Hughes* and *H. B. Hughes,* for appellant.—Robinson was an independent contractor: Painter v. The Mayor, etc., of Pittsburg, 46 Pa. 213; Hunt v. Penna. R. R. Co., 51 Pa. 475; Allen v. Willard, 57 Pa. 374; Chartiers Valley Gas Co. v. Lynch, 118 Pa. 362; Miller v. Merritt, 211 Pa. 127; Erie v. Caulkins, 85 Pa. 247; Eby v. Lebanon County, 166 Pa. 632; Thomas v. Altoona, etc., Electric Ry. Co., 191 Pa. 361; Harrison v. Collins, 86 Pa. 153; Wray v. Evans, 80 Pa. 102; Edmundson v. R. R. Co., 111 Pa. 316; Rourke v. White Moss Colliery Co., L. R. 1 C. P. Div. 556.

*H. Fred Mercer,* for appellee.—It has been repeatedly held by this court that where the master, or the principal, reserves the right to control the work in any manner, that the relation of master and servant exists between himself and agent: Rose v. Philadelphia, 31 Legal Int. 165; Trainor v. R. R. Co., 137 Pa. 148.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

The plaintiff was injured while helping to put in place several iron water tanks constructed by the defendant company at its work in Washington county for Pfarr's Select Hand Laundry, Pittsburg. The evidence in the case called for a submission to the jury of two questions of fact: first, was the plaintiff injured in consequence of negligence on the part of his employer? and,

second, was the defendant the employer? The first of these questions was submitted in a charge entirely satisfactory to both sides, and the determination of that particular issue does not concern us here. The second question was not submitted at all. The only reference to it in the charge is as follows: "There was some claim made by the defendant that Robinson (the man who, according to plaintiff's witnesses, was in charge of the work) did not represent the defendant in connection with that work. There was an offer made of an independent contract on the part of this man Robinson, but that has been ruled as not being an independent contract. The testimony of the plaintiff and his witnesses would tend to show that Robinson was acting for the plaintiff here; they say that he hired and discharged the men, and that Regan acted as assistant foreman under him, and Robinson was held out as foreman and Regan as assistant foreman. At any rate Robinson seemed to be the only person who was on the premises who did seem to represent the defendant, and the further testimony of the plaintiff is that he was in the employ of the company, and that they paid him for his work. It is said that Mr. Robinson was held out as their foreman." The defendant denies that Robinson represented them in the erection of the tanks, and insists that he was an independent contractor for that work, under a written article of agreement between the company and Robinson, wherein the latter undertook for a consideration of $350 "to furnish all labor, hauling, lumber, nails, erection equipment and supplies of whatsoever kind, and in a skillful and workmanlike manner erect, calk water tight under tests, paint and entirely complete, ready for use said water tanks and appurtenances in accordance with the specifications and drawings, and instructions or alterations that have been or may later be given by said manufacturer (defendant company) to said contractor (Robinson), subject to inspection, approval and acceptance or rejection by Pfarr's Hand Laundry and said manufacturer." By later clause in the contract, Robinson waived all right to file lien or liens for work or material furnished; and in addition to a consideration of $350, defendant agreed to furnish the tools and rigging for the work, the same to be returned

to them after the work had been completed. The price of the work was not to be paid until it had been completed and accepted by the laundry company, and then only upon delivery of proper receipts for all wages and expenses incurred in carry-out the agreement. It would have been more satisfactory had the learned trial judge indicated his reasons for holding that this was not an independent contract. We confess to a total inability to discover a single reason for the ruling. Judged simply by its own terms—and these were all the court should consider in construing it—the contract can be nothing less than an independent contract. It commits the entire work of erection to Robinson, beyond the power of the defendant company to interfere in the slightest regard, whether with respect to men or methods, and reserves nothing to the defendant, except only the right to alter the specifications which were made part of the contract between the defendant company and the laundry company. Such reservation does not make it any less independent as a contract: Miller v. Merritt, 211 Pa. 127. The cases in Pennsylvania which hold that such contracts as this are independent in their character, and that he who engages thereunder to do an independent piece of work, whether as a whole, or engages as a subcontractor to do a part, is alone liable for wrong or negligence done in the performance of the contract, are very numerous. We need only refer here to Wray v. Evans, 80 Pa. 102; Harrison v. Collins, 86 Pa. 153; Edmundson v. R. R. Co., 111 Pa. 316; and Miller v. Merritt, 211 Pa. 127. Neither of the cases cited by counsel for appellee qualify in the remotest way the doctrine there asserted. In Trainor v. R. R. Co., 137 Pa. 148, it was freely admitted that the pole which fell and injured the plaintiff belonged to an independent contractor; but it was also admitted that plaintiff was an employee of the defendant, and that at the time he was engaged in the work of the defendant. It was in dealing with such a state of facts that Mr. Justice McCollum said: "The master owes to the servant a duty of providing a reasonably safe place to work and reasonably safe appliances with which to do the work; and the delegation of this duty to an agent or independent contractor will not relieve the master for responsibility for an injury to the

servant resulting from its neglect." The duty there rested upon the defendant to see that the pole was safe, because it was an appliance furnished by it, though belonging to another, to its own workmen, for the accomplishment of its own end. In Foster v. Steel Co., 216 Pa. 279, the plaintiff was injured by collapse of the trestle on which he was at work unloading coal. He was employed by and working under another who was paid by the defendant by the car load. Mr. Justice POTTER in that case says: "The defendant company furnished the place in which the work was to be done, and accepted its responsibility to make it reasonably safe and of keeping it in repair. It reserved to itself the care and maintenance of the trestle upon which the workmen were obliged to remain and to move about while unloading the supplies of fuel and ore for the defendant company. It could not, therefore, with full knowledge of the defects of the structure, permit the men to work upon it, and then shift the responsibility upon a so-called independent contractor." We need not take the trouble to point out the features of this case which distinguish it from the one in hand; they are too obvious to escape the attention of anyone. The cases are wholly unlike. Clearly it was error for the court to hold in this case that the contract admitted in evidence did not constitute Robinson an independent contractor.

The evidence on part of the plaintiff would have wholly failed to associate the defendant with any responsibility in connection with the erection of the tanks, except for one fact which was undisputed. Though not a single one of the workmen who were engaged says that he was originally employed by anyone known at the time to represent the defendant, yet all say that the wages they earned were paid them, in whole or part, by the defendant company, and not by Robinson. This circumstance unexplained would warrant the inference that the contract between defendant and Robinson had been ignored or superseded. The defendant advanced an explanation, wholly consistent with its position, that the work was being done by Robinson under the contract when the accident happened. It was this—that Robinson reported to the company that he was without funds to pay the men he had employed, and asked that

the company do so and charge him with the advancement; that rather than have the work fail, or run the risk of liens, the company acceded to his request and paid the men directly. This raised a question of fact which necessarily drew the case to the jury. The explanation rested merely upon oral testimony, which, if believed by the jury, would leave the contract between the defendant and Robinson wholly unaffected by the circumstance that the defendant had paid the wages. If the explanation was a true statement of facts, it was more than sufficient to overcome the inference of an abandonment of the contract from the payment of the wages. Whether it was true was a question for the jury. The third assignment of error is sustained.

The judgment is reversed, and venire facias de novo awarded.