## Bain *v.* Petroleum Iron Works Company, Appellant.

*Negligence—Master and servant—Evidence as to employment—Independent contractor—Case for jury.*

1. In an accident case where the question is whether the plaintiff was employed by the defendant or by a person who had a contract with the defendant, which on its face was an independent contract, and the evidence on the subject is conflicting, the case is for the jury and this is especially so if there is testimony from which the jury might infer that, if the contract set up had gone into effect, it had been abandoned.

2. Where there is a reasonable doubt as to the facts or the inferences to be drawn from them, the case is necessarily for the jury.

Argued Oct. 25, 1909. Appeal, No. 159, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 410, on verdict for plaintiff in case of Thomas Bain v. Petroleum Iron Works Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts appear by the opinion of the Supreme Court, and by the previous report of the case in 223 Pa. 96.

Verdict and judgment for plaintiff for $2,370. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John C. Bane,* with him *B. G. Hughes* and *H. B. Hughes,* for appellant.

*H. Fred Mercer,* for appellee.

PER CURIAM, January 3, 1910:

In reversing a former judgment in this case on an appeal by the defendant it was said: "The evidence in the case called for a submission to the jury of two questions of fact: first, was the plaintiff injured in consequence of negligence on the part of his employer? and, second, was the defendant the employer?" The ground of reversal was the failure to submit the second question: see 223 Pa. 96. At the second trial the main question was whether the plaintiff was employed by the defendant or by a man who had been its foreman but had a contract for doing the work on which the plaintiff was engaged, which on its face was an independent contract. The evidence on this subject was conflicting, but there was testimony from which the jury might infer that, if the contract set up had gone into effect, it had been abandoned, and that the work was being carried on by the defendant. The question could not have been withdrawn from the jury. It was submitted in such a manner as fully to protect every interest of the defendant. Where there is a reasonable doubt as to the facts or the inferences to be drawn from them, the case is necessarily for the jury: Howett v. R. R. Co., 166 Pa. 607.

The judgment is affirmed.