# Pfeifer *v.* Allegheny Steel Company, Appellant.

*Negligence—Master and servant—Defective machinery—Foreman—Vice-principal—Assumption of risk — Contributory negligence—Case for jury.*

1. A foreman of a steel company who gives all orders to persons employed in and about certain cranes, who has full charge of both employees and machinery and whose acts in employing and discharging men though reported to the superintendent, always receive the superintendent's approval, is a vice-principal to the extent that he is the proper person to be notified of defects in said cranes and in the appliances connected therewith.

2. It is not an assumption of risk to continue work in and about machinery having certain defects and made dangerous by the accumulation of grease, where the foreman who has been notified of the conditions of the machinery, has told the workman to continue his work, and that the condition would be remedied in a few days.

3. In an action of trespass to recover damages for personal injuries, it appeared that plaintiff, a crane operator, was operating a crane traveling on a run attached to parallel steel girders at a height of twenty-five or thirty feet above the ground; that while so engaged a part of the machinery broke, requiring plaintiff to walk along the steel girder to a drum, also a part of the machinery, and remove a broken strap; that while so engaged plaintiff's foot slipped in consequence of an accumulation of grease on the girder, and he fell to the ground sustaining the injuries complained of. It further appeared that defendant's foreman, who was a vice-principal, had been notified by plaintiff of the condition of the drum causing leakage of grease in large quantities onto the girder, and had told plaintiff to continue his work, and that the defects would be remedied. *Held,* that the doctrine of assumption of risk did not apply, and that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

Argued Oct. 24, 1913. Appeal, No. 152, Oct. T., 1913,

by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 573, on verdict for plaintiff in case of Peter Pfeifer v. Allegheny Steel Company.   Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,750 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914:

The plaintiff recovered a verdict and judgment was entered thereon; the defendant has appealed.   The only errors assigned are (1) the refusal of binding instructions for the defendant, and (2) the refusal of judgment n. o. v.   The following excerpt from the opinion of the court below gives a fair summary of the material facts and amply vindicates the rulings of the trial judge: "Plaintiff, who was forty-one years old last May (1912), entered the employ of the defendant as a crane operator on February 1, 1910, and continued in such employment until Friday, August 12, 1910, when he received the injuries for which compensation is asked.   The crane operated by plaintiff traveled on a runway attached to two parallel steel girders about 175 yards in length,

seventy to seventy-five feet apart, and supported by col-
umns at the height of between twenty-five and thirty
feet from the ground. The hoisting apparatus and cage
from which the lifting device was operated was moved
by plaintiff along the runway from time to time and
from place to place under orders from the foreman, and,
at different places, operated by plaintiff in raising or
moving heavy machinery and material. While engaged
in operating the crane on the morning of August 12th,
a 'brake-strap,' which was part of the machine, broke.
This required plaintiff to leave his cage, walk along the
steel girder, which was about twenty-two inches in
width on the top, to the drum, also a part of the ma-
chinery, and remove the broken strap. After detaching
the strap and while wiping grease from the drum plain-
tiff's foot slipped and he fell to the ground, receiving
very serious injury. The negligence of the defendant
charged was (1) that the drum of the machinery was
permitted to become and remain out of repair, (2) that
grease in large quantities fell from the drum and was
allowed to accumulate to the depth of two inches on the
top of the girder upon which plaintiff was obliged to be
while repairing the crane machinery, and (3) failure to
repair the drum and remove the grease from the girder,
after notice from the plaintiff and promise from the fore-
man to do so. Defendant's contentions were (1) that
plaintiff's testimony did not establish negligence upon
the part of the defendant, but on the contrary showed
that the plaintiff was guilty of contributory negligence
in using a girder upon which the grease had accumu-
lated, and (2) that notice of defects to the foreman was
not notice to the defendant company. The testimony of
plaintiff and his witnesses was to the effect that the
drum was out of repair to such an extent as to permit
the grease required to be used in operating the ma-
chinery to fall from the girder in unreasonably large
quantities that the foreman was notified by plaintiff of
the defects in the drum and the dangerous condition of

the girder by reason of the accumulation of grease thereon, and that plaintiff was told by the foreman to continue his work and a new drum would be provided and the grease removed from the girder in a few days. Plaintiff further testified that relying upon that promise he remained at work. The questions of negligence and contributory negligence were clearly for the jury, and we think were fairly submitted, and that the foreman, under the testimony, was not a co-employee, in our opinion, is clear. He gave all orders to persons employed in and about the cranes, had full charge of both employees and machinery, and while his acts in employing and discharging men were always reported by him to the superintendent of the works, his actions in those matters always received the superintendent's approval. This we think made him a vice-principal, at least to such an extent as to make him the proper person to be notified of defects in the cranes and all construction and appliances connected with them."

After an examination of the testimony, we agree with the disposition of this case in the Common Pleas, and since that court has so well stated its attitude on the controlling issues, but little need be said here. It may be, as contended by the appellant, that the foreman had no authority to bind his employers to make such a material change in the crane as the construction of a platform for the plaintiff to work upon; but it is not necessary to discuss that point, for it will be observed that the trial court assumed no such position in sustaining the verdict. The evidence was ample to support a finding that the foreman had power and authority to attend to the drum and to have the dangerous accumulation of grease removed, and the plaintiff was at least justified in relying on his promise to that extent; the fact that he continued at work under these circumstances did not constitute an assumption of risk (Foster v. National Steel Co., 216 Pa. 279; Glass v. College Hill Boro., 233 Pa. 457, and cases there cited). The evidence was not

sufficiently clear for the trial judge to pass upon the question whether or not this man ignored another and obviously safer way to do the work, and thus brought the injuries upon himself; the most that can be said on this point is that the issue was for the jury. We are not convinced of error.

The assignments are overruled and the judgment is affirmed.