## KEYSTONE COAL & COKE CO. v. PETROVICH.

(Circuit Court of Appeals, Third Circuit. October 28, 1915.)

### No. 1946.

1. MASTER AND SERVANT &#8734;286—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

Evidence *held* sufficient to require the submission of the case to the jury in an action for injury to a coal miner caused by the breaking of a defective part of a machine with which he was working.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. &#8734;286.]

&#8734;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ☞1039—REVIEW—HARMLESS ERROR.
    Omission of a material allegation from a statement of claim is not ground
    for reversal, where the point was not made in the trial court, and the
    charge properly submitted the issue to the jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–
    4379; Dec. Dig. ☞1039.]

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Hunt, Judge.

Action at law by Peter Petrovich against the Keystone Coal & Coke Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert W. Smith, of Hollidaysburg, Pa., for plaintiff in error.
F. W. Scott, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The Keystone Coal & Coke Company is engaged in mining bituminous coal in Westmoreland county, Pa. On November 16, 1912, the plaintiff was injured in the company's employ while operating a coal-cutting machine. The object of this device is to cut a horizontal cleft several feet deep into a seam, in order to loosen the coal and thus make it easier to blast, and also to insure its dislodgement in large lumps.

The machine in question was actuated by compressed air, and Petrovich had had several years' experience as a cutter with machines of the same, or of similar, design. He had been operating this particular machine—or others just like it—for six months before the accident. Two men are needed, a cutter and a scraper. The cutter runs the machine, regulates the power, and exercises general supervision; the scraper stands close to the seam, and clears away the débris that comes out of the cleft. The machine weighs nearly 4,000 pounds, and consists of two parts, the frame, which does not move and rests on the floor of the mine room, and the cutter bar and the engines, which move forward on the frame as the bar penetrates the coal. The cleft is cut a few inches above the bottom of the room. The machine is placed close to the seam, and the frame is braced by a device called a jack-pipe, 6 feet long and 2½ inches in diameter, whose forked base, or prong, straddles a transverse bar on the rear of the frame, and whose other end is forced tightly against the roof of the mine at an angle of about 45°. Without the pipe, the resistance of the coal would not be overcome, and the machine could not cut. The movable part travels along the frame as the bar enters the coal, and as the machine is about 9 feet long before cutting begins, and as the bar may penetrate the seam as much as 6 feet, a gradually enlarging space comes into being between the rear end of the movable part and the rear end of the frame.

The accident took place under the following circumstances: The cutter bar and the engines had moved forward on the frame about 4 feet, when the jack-pipe broke, thus relieving the machine of its brac-

ing or steadying element, and the movable part jerked and then rebounded along the frame, crushing the plaintiff's right leg, which in some manner had got into the space between the frame and the movable section. Immediately afterwards, the blade of the scraper's shovel was discovered to be wedged between the frame and the knives of the cutter bar on the side of the machine opposite to the spot where the scraper had been standing. The plaintiff was extricated by removing the shovel blade with a sledge, and applying the power so as to move the bar and the engines forward.

[1] The only error assigned complains of the court's refusal to direct a verdict in favor of the defendant, and our examination of the record satisfies us that such refusal was correct. The testimony was conflicting in a marked degree, but several witnesses testified substantially as follows:

On November 13 the jack-pipe then in use by the plaintiff bent, and afterwards broke while the blacksmith was trying to straighten it. Thereupon the plaintiff went to the superintendent of the mine and asked for a new one. The superintendent referred him to the machine boss as the person having authority over the machinery, and the latter directed the plaintiff to come back the next morning. On the 14th the machine boss offered him an old and rusty pipe, and when the plaintiff was reluctant to accept it told him there was no new material on hand, and directed him to use the old pipe, saying it was good for 2 or 3 months, and that he (the boss) knew better than the plaintiff. Accordingly the pipe was used that day and also on the next. On the evening of one of these days the plaintiff saw the superintendent again and told him he wanted a new pipe, saying that the one furnished by the machine boss was old and rusty. To which the superintendent replied that he had no new material on hand, and assured the plaintiff that the machine boss would see that he had a new pipe in a few days, directing him to go on with his work meanwhile. On the 16th the pipe broke and the accident happened. The story thus outlined was flatly contradicted, but it was supported by testimony that could not have been withdrawn from the jury, and we are bound by the verdict.

[2] Assuming the foregoing account to be true, therefore, not much is left of the defense. Only two contentions need be noticed: First, that the statement of claim does not aver that the plaintiff used the old pipe relying on the statements made to him by his superiors. This was asserted to be a fatal omission, and in support of the position several Pennsylvania cases are cited, of which Dobra v. Coal Co., 250 Pa. 313, 95 Atl. 465, is the latest. But it does not appear that any such point was made during the trial; the case seems to have been tried on the merits, and—although no specific instruction on this subject was requested—the trial judge did not overlook it, for he said to the jury:

"Ordinarily a servant has no right to operate a machine that is defective, if in the exercise of ordinary observation he believes that the defect is such that it is going to lead to his injury in the use of it. But if the danger is not so imminent or obvious as that he ought not to proceed to use it at all, and ought to refuse peremptorily to use it, yet if the owner says to him, 'Go ahead, that will do for a short time,' and the servant honestly believes in

the assurance of the master, he has a right to use the machine, even though it have a defect in it, if he believes the assurances of the master."

The second contention is that the breaking of the pipe was not the proximate cause of the injury; that the shovel was caught first, and the pipe broke in consequence of this obstruction. But the order of events was also a disputed question, and this, too, was submitted to the jury; the trial judge saying:

"If the pipe did not break until after the shovel had been put in it, and the shovel was the cause of the jumping and the breaking, then the plaintiff could not recover; but if the pipe broke first, and his story is accurate in that respect and it [the machine] fell upon him, then he can recover, provided there was the negligence that I have already endeavored to explain to you, which must be found always as a predicate for any recovery."

The weight of the evidence is not a matter for our determination. Submissible testimony was offered to support the plaintiff's claim, the charge is not objected to, and the finding of the jury is conclusive.

The judgment is affirmed.

⊙~For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes