# Forte, Appellant, *v.* Markle Company.

*Negligence—Master and servant—Mines and mining—Descending car—Collision with workman—Nonsuit.*

1. Negligence cannot be inferred against an employer from the mere happening of an accident causing injury to an employee.

2. In an action by an employee against a mining company to recover for injuries sustained in consequence of being struck by a car which suddenly descended a slope while plaintiff's back was turned toward it, a compulsory nonsuit was properly entered where there was no evidence as to the cause of the accident or to justify a finding that the starting of the car was due to any negligence of the defendant.

Argued April 10, 1917.    Appeal, No. 64, Jan. T., 1917, by plaintiff, from order of C. P. Luzerne Co., March T., 1913, No. 252, refusing to take off nonsuit, in case of Alfonso Forte v. G. B. Markle Company.    Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*F. P. Slattery,* with him *N. M. Curcio* and *Andrew Hourigan,* for appellant.

*John H. Bigelow,* with him *C. W. Kline* and *Joseph Mulherin,* for appellee.

PER CURIAM, May 14, 1917:

The appellant was an employee of the appellee, and, while unloading a car filled with rock and dirt, another car came down the incline on which he was working and struck him, his back having been towards the descending car.    For the injuries sustained this action was brought, in which, after plaintiff had closed his case, a compulsory nonsuit was entered.    Nothing in the testimony could have justified a finding by the jury that the starting of the colliding car down the incline was due to any negligence of the defendant.    If the question of its negligence had been submitted to the jury, there would have been, as the court properly held, an invitation to them to guess as to the cause of the accident, and to infer negligence against the employer from the mere fact of its happening.    For this reason the case was not for them: Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Wojcie-

chowski v. Sugar Refining Company, 177 Pa. 57; Alexander v. Water Company, 201 Pa. 252; Sandt v. North Wales Co., 214 Pa. 215.

Judgment affirmed.