## Ellett, Appellant, *v.* Lit Brothers, Inc.

*Negligence—Master and servant—Fall of grit or dust from ceiling—Continuing work—Relying on promise of employer—Risk of employment—Allegata et probata—Guessing at cause of accident—Nonsuit.*

1. In an action by an employee against her employer to recover damages for injuries to her eyes from the fall of grit or dust from the ceiling in the room where she was employed, a nonsuit is properly entered, where plaintiff testifies that the grit or dust fell immediately after a crash in the floor above, without any proof whatever as to who or what caused the crash, or even that the floor above was under the control of the defendant.

2. In such a case where plaintiff testifies that two crashes occurred on the floor above on the same day and prior to the one which dislodged the dust, and that she had complained to the foreman about it, she cannot recover, if she fails both in her pleadings and in her proof, to show that she continued to work in reliance upon any promise made to her upon her complaint.

Argued Jan. 23, 1919.   Appeal, No. 195, Jan. T., 1919, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 562, refusing to take off nonsuit in case of Sarah P. Ellett v. Lit Brothers, Incorporated. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Trespass to recover damages for injuries to plaintiff's eyes.   Before MONAGHAN, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Michael Geraghty,* with him *Simon C. Raken* and *A. Culver Boyd,* for appellant.—Defendants had, or should have had, knowledge of the dangerous condition of the ceiling of the room in which plaintiff was working, and, therefore, failed in their duty to plaintiff to furnish her a reasonably safe place in which to work: Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219; O'Brien v. Sullivan, 195 Pa. 474.

Failure of defendants to repair the defective ceiling was evidence of negligence which required the submission of the case to the jury: Finnerty v. Burnham, 205 Pa. 305.

The question of the plaintiff's contributory negligence was for the jury: Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Penna. Canal Co. v. Bentley, 66 Pa. 30; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497.

*F. B. Bracken,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, March 24, 1919:.

The appellant, plaintiff below, was employed as a seamstress by the defendant, and at the time she sustained the injuries of which she complains, had been in

its employ for about two years.  Her cause of action, as
set forth in her statement of claim, is that "on or about
November 29, 1911, she was working in a department
store conducted and operated by the defendant; that it
was the duty of the defendant, by a proper inspection of
the building, to see that the same was maintained and
kept in a reasonably safe and proper condition and rea-
sonably safe for the use of the plaintiff as a place of em-
ployment; that the defendant wholly neglected and
failed to perform its said duty in the premises, so that on
or about the day and year aforesaid, while the plaintiff,
in the course of her employment, was at work on the third
floor of the said department store, sewing for the defend-
ant, some person or persons employed by it on the fourth
floor of the building, immediately over the place occupied
by the plaintiff, dropped or threw some heavy object or
objects on said fourth floor, causing some plaster in the
ceiling above plaintiff to be violently dislodged and
showered on her, small pieces of the same falling into her
eyes and very seriously and permanently injuring the
same."

The plaintiff, who was the only witness called to testi-
fy as to the occurrence, stated that the ceiling was not
plastered, but was a wainscoting of boards, fitted to-
gether by tongue and groove.  At the close of the testi-
mony a motion was made for the entry of a nonsuit, and
the learned trial judge, in the course of his remarks on
the motion, intimated that it would have to be granted,
because the case as made out was not in accord with the
pleadings, for the ceiling not having been plastered, no
plaster could have fallen from it.  Thereupon a motion
was made to amend the statement by inserting after the
word "plaster," "grit or dust or sand," the plaintiff hav-
ing stated that grit from the ceiling had fallen upon her.
The statement was further amended by adding, "And
the said defendant assured and promised the plaintiff
that it would keep the said place in a proper manner and
condition for the purpose of her employment and the de-

fendant failed in its duty owing to the plaintiff to keep the said place of employment where she was engaged in a cleanly condition, and by reason of its failure to do so the aforesaid accident occurred to her." The amendments were allowed, but the trial judge being of opinion that they did not help the plaintiff, in view of the evidence submitted, granted the motion for the nonsuit, and the court subsequently discharged the rule to take it off.

If grit, dust or sand fell from the ceiling into the eyes of the plaintiff, there was no evidence showing that it fell as the result of any negligence on the part of the defendant. The plaintiff testified that it fell immediately after the crash on the fourth floor, and it may be fairly inferred that the crash caused it to fall. If so, the proximate cause of the injuries was the crash; but who or what caused it? There is no proof, but only a guess, as to this. The burden of proof was on the plaintiff, not only to prove the accident, but some specific act of negligence from which it resulted. The case as presented by her, if it had been submitted to the jury, would have been an invitation to them to guess at the cause of the accident and to infer negligence against the employer from the mere fact of its happening. Its submission to them would, therefore, have been error: Snodgrass v. Carnegie Steel Company, 173 Pa. 228; Forte v. Markle Company, 258 Pa. 194. There was not even evidence that the fourth floor was under the control of the defendant, but if it was, it did not appear who or what was responsible for the crash upon it. If it had been caused by a stranger, or by a co-employee of the plaintiff, or been the result of an unavoidable accident, she had no right of action against the defendant. As to this the learned court below, in discharging the rule to take off the nonsuit, properly said: "The plaintiff's case is based upon the supposition that the crash resulting in the injury was caused by an employee of the defendant. It is, on the proofs adduced,

just as supposable that it was caused by a stranger, or by a fellow servant, or because of some circumstances over which the employer had no control......'The trouble with the plaintiff's case is, that it rests wholly on a supposable theory not supported by established facts...... Over and over we have held that there can be no recovery under such circumstances. To permit it would be to allow recovery on mere proof of accident.' Alexander v. Penna. Water Co., 201 Pa. 252."

Plaintiff testified that two crashes had occurred on the fourth floor before the one on the day of the falling of the grit, and that she had called the attention of the forelady to it, who said, "Don't you worry, I will go right down to the office and report it at once and have it attended to at once." But she failed either to aver in her pleadings or state in her testimony that she continued to work in reliance upon the promise made to her. "In order to overcome the defense of assumption of risk, in an action under the common law, the employee must show affirmatively, not only that he complained of the danger, and that the employer promised to correct it, but that in continuing to work he relied on that promise. Otherwise, he must be held to have assumed the risk. In 4 Labatt on Master and Servant, Section 1345, the rule is thus stated: 'After the servant has shown that there has been a promise, actual or implied, on the part of the master, and that this promise amounts to an undertaking to remove not only the danger, but a danger by which he himself is threatened, he still has the onus of proving that the inducing motive of his continuance in the employment was his reliance upon the fulfillment of the promise.' Our cases recognize this rule. Thus in Webster v. Monongahela River Consolidated Coal & Coke Co., 201 Pa. 278; Foster v. National Steel Co., 216 Pa. 279; Hollis v. Widener, 221 Pa. 72; Glass v. College Hill Boro., 233 Pa. 457; Pfeifer v. Allegheny Steel Co., 243 Pa. 256, there is substantial agreement in emphasizing the fact that it appeared affirmatively from the evidence in each

case that the employee continued to work, because he relied on the employer's promise. Nothing of that kind was shown in the present case": Dobra v. Lehigh Valley Coal Company, 250 Pa. 313.

The assignments of error are overruled and the judgment is affirmed.